864 F.2d 1555
 Marvin S. MARTIN, Petitioner,
v.
ALABAMA BY-PRODUCTS CORP., Employer-Respondent,
and
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest-Respondent.
 No. 87-7704.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 6, 1989.
 
 Cooper, Mitch, Crawford & Kuykendall, Patricia Guthrie Fraley, Birmingham, Ala., for petitioner.
 
 
 1
 Maynard, Cooper, Frierson & Gale, P.C., H. Thomas Wells, W. Percy Badham, Birmingham, Ala., for Alabama By-Products Corp.
 
 
 2
 Karen Lynne Baker, U.S. Dept. of Labor, Thomas Holzman, Washington, D.C., for O.W.C.P.
 
 
 3
 Petition for Review of an Order of the Department of Labor Benefits Review Board.
 
 
 4
 Before TJOFLAT and KRAVITCH, Circuit Judges, and PAINE*, District Judge.
 
 TJOFLAT, Circuit Judge:
 
 5
 Marvin S. Martin, the appellant, worked as a coal miner for thirty-three years, ending in 1979. On January 3, 1980, he applied for black lung benefits under the Federal Coal Mine Health and Safety Act of 1969 (the Act), 30 U.S.C. Secs. 901-945 (1982 & Supp. IV 1986), and the regulations promulgated thereunder, 20 C.F.R. Secs. 410, 718, 725, 727 (1988). Martin claimed that he had contracted pneumoconiosis, a form of lung disease, as a result of his work in the coal mines and therefore was entitled to disability benefits under the Act. His employer, Alabama By-Products Corporation, controverted his claim, and it was referred to an administrative law judge (ALJ) for a formal hearing.
 
 
 6
 At the hearing, Martin presented the following evidence in support of his claim of disability: (1) the report of Dr. James Gascargne, who had been Martin's treating physician since January 1980, which indicated that Martin suffered from chronic obstructive pulmonary disease but had never been treated for pneumoconiosis, and (2) chest X-rays, pulmonary function studies, and arterial blood gas tests which had been made to determine whether Martin was disabled as a result of pneumoconiosis. The ALJ ruled that a portion of this evidence--the pulmonary function studies and arterial blood gas tests--raised an "interim presumption," under 20 C.F.R. Sec. 727.203(a)(2) and (3),[1] that Martin was totally disabled due to pneumoconiosis.
 
 
 7
 At this point, the burden shifted to the employer to rebut the presumption. Alabama By-Products, in response, presented the testimony of two physicians. Dr. Hayse Boyd testified that in March 1980 he diagnosed Martin as having a moderately severe chronic obstructive lung disease which probably was related to both his work in the coal mines and his long-term cigarette smoking. Dr. Gaines Jones, who testified by deposition, had examined Martin in March 1981 and found that he was suffering from chronic obstructive pulmonary disease. Dr. Jones is the only physician in the case who has rendered an opinion as to Martin's ability to perform his past mine work; he opined that Martin's pulmonary disease had been caused primarily by Martin's cigarette smoking. In addition to the testimony of these physicians, Alabama By-Products also presented several hospital records which indicated that Martin had suffered a stroke, had received treatment for severe advanced arteriosclerosis and depression, and had undergone a cholecystectomy, an appendectomy, and an arteriofemoral bypass.
 
 
 8
 The ALJ rejected Martin's claim. He held that although Martin's proof had raised a presumption of total disability due to pneumoconiosis under 20 C.F.R. Sec. 727.203(a), the employer had rebutted the presumption by presenting evidence that satisfied the requirements of 20 C.F.R. Secs. 727.203(b)(2) and (4).[2] The Benefits Review Board (the Board) affirmed the ALJ's decision. The Board found that the employer had rebutted the presumption of disability under section 727.203(b)(2), and did not reach the question whether rebuttal had occurred under section 727.203(b)(4). Martin then petitioned this court for review.
 
 
 9
 Martin asks us to set aside the administrative decision in this case for the following reasons. First, the ALJ and the Board erred in concluding that the employer rebutted the presumption of total disability under section 727.203(b)(2). Second, the ALJ erred in concluding that the employer rebutted the presumption of total disability under section 727.203(b)(4).
 
 I.
 
 10
 The Board's review of an ALJ's decision is limited to ensuring that the decision accords with law and is supported by substantial evidence. See 33 U.S.C. Sec. 921(b)(3) (1982); 20 C.F.R. Sec. 802.301 (1988). Our role is essentially the same. See Stomps v. Director, Office of Workers' Compensation Programs, 816 F.2d 1533, 1534 (11th Cir.1987).
 
 
 11
 The purpose of the Black Lung Benefits Act is to "provide benefits ... to coal miners who are totally disabled due to pneumoconiosis." 30 U.S.C. Sec. 901(a) (1982). Under the Act, pneumoconiosis is defined as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." Id. Sec. 902(b). A miner is considered totally disabled when "pneumoconiosis prevents him or her from engaging in gainful employment requiring the skills and abilities comparable to those of any employment in a mine ... in which he or she previously engaged with some regularity and over a substantial period of time." Id. Sec. 902(f)(1)(A).
 
 
 12
 A claimant "will be presumed to be totally disabled due to pneumoconiosis" if he meets one or more of the medical requirements of 20 C.F.R. Sec. 727.203(a). The employer can rebut this presumption by meeting one or more of the tests set forth in section 727.203(b). Once the presumption is rebutted, it disappears and can no longer be relied upon by the claimant. Instead, the claimant must affirmatively prove that he is totally disabled and that his disability results from pneumoconiosis. In deciding whether the claimant has met this burden, the ALJ must consider all of the evidence in the case.
 
 
 13
 Martin contends initially that the ALJ improperly found his presumption of eligibility rebutted under subsection 727.203(b)(2). Subsection (b)(2) states in pertinent part that the presumption of pneumoconiosis caused by coal mine work can be rebutted if "[i]n light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work." In accord with the Department of Labor's interpretation of (b)(2), the ALJ held that rebuttal could be had where the individual's inability to work is unrelated to pneumoconiosis, so that absent some other disability, he would have been able to continue his coal mine work. Martin, however, seeks a literal reading of subsection (b)(2), so that even if he were unable to work for reasons unrelated to pneumoconiosis, the presumption would not be rebutted.
 
 
 14
 Other courts of appeals have followed the literal wording of subsection (b)(2), interpreting it to mean that the employer cannot rebut the presumption of total disability by showing that the claimant is totally disabled for any reason other than pneumoconiosis. These courts have reached this interpretation because under the next subsection, (b)(3), the presumption of total disability is rebutted if it is shown that the claimant's disability did not result from coal mine employment.[3] See York v. Benefits Review Bd., 819 F.2d 134, 137 (6th Cir.1987); Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893-94 (4th Cir.1987); Wetherill v. Director, Office of Workers' Compensation Programs, 812 F.2d 376, 379-80 (7th Cir.1987) (dicta); Kertesz v. Crescent Hills Coal Co., 788 F.2d 158, 162 n. 5 (3d Cir.1986) (dicta).
 
 
 15
 The Department of Labor has given section 727.203(b)(2) a contrary interpretation, but this approach to subsection (b)(2) is unpersuasive because it would make subsection (b)(3) duplicative. We therefore choose to follow the lead of these circuits and refuse to read subsection (b)(2) to permit the employer to avoid liability by showing that a condition other than pneumoconiosis is a cause of the claimant's total disability.
 
 
 16
 As we have stated, to recover benefits under the Act a claimant must prove that he is "totally disabled due to pneumoconiosis," as opposed to some other cause. He need not demonstrate, however, that pneumoconiosis is the sole cause of his disability; rather, it is sufficient that he prove that pneumoconiosis plays a substantial role in preventing him from working. See Alabama By-Products Corp. v. Killingsworth, 733 F.2d 1511, 1516 n. 10 (11th Cir.1984).
 
 
 17
 As noted, the ALJ, and the Board, held that Alabama By-Products rebutted the presumption that Martin is totally disabled due to his pneumoconiosis by showing that other factors contributed to his total disability. This holding, we have concluded, is erroneous. Since the Board affirmed the ALJ's decision on the basis of this rebuttal alone, it follows that the case must be remanded for further consideration.
 
 II.
 
 18
 Although the Board did not reach the question of whether the ALJ properly found that the employer rebutted the presumption of total disability under subsection (b)(4), we feel obliged to address the issue because it may surface on remand. Subsection (b)(4) states that the presumption is rebutted if "[t]he [employer's] evidence establishes that the miner does not [ ] have pneumoconiosis." The ALJ's analysis of rebuttal under (b)(4) is somewhat confusing. He states in his opinion both that the "Claimant does not have pneumoconiosis," and that "the presumption [that he has pneumoconiosis] was rebutted under Sec. 727.203(b)(4)," and then adds that "the Claimant is not entitled to benefits." Thus, whether the ALJ first found the presumption rebutted under (b)(4) and then considered all of the evidence in determining whether the claimant was totally disabled due to pneumoconiosis, or whether he believed that merely by finding that the presumption had been rebutted meant the claimant would lose, is not clear. The rebuttal of a presumption only means that the claimant no longer has automatically established his eligibility for benefits. Once rebuttal has occurred, the claimant may either rely on the ALJ's independent assessment of all of the evidence presented up to that point--free of presumptions--or he may present additional evidence in a further effort to prove that his total disability is due to pneumoconiosis.
 
 III.
 
 19
 For the foregoing reasons, we vacate the Board's decision and remand the case to the Board for further consideration not inconsistent with the views expressed herein.
 
 
 20
 VACATED and REMANDED.
 
 PAINE, District Judge concurring:
 
 21
 I would reverse the Benefits Review Board decision because I find that it erroneously upheld the Administrative Law Judge's (ALJ) decision. The ALJ improperly injected a causation element into his 20 CFR Sec. 727.203(b)(2) inquiry of whether petitioner Marvin S. Martin is disabled. Under Section 727.203(b)(2), respondent Alabama By-Products Corporation (ABC) is offered an opportunity to rebut Mr. Martin's interim presumption of total disability due to pneumoconiosis. Specifically, ABC must demonstrate that "In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work." See 20 CFR Sec. 727.203(b)(2).
 
 
 22
 In his discussion of Section 727.203(b)(2), the ALJ first acknowledged that Mr. Martin's treating physician, Dr. James T. Gascargne, reported that his patient was totally disabled. Then the ALJ improperly went on to discuss whether petitioner's pulmonary impairment was caused by his 37 years of underground coal mine employment or cigarette smoking. The Fourth Circuit has recently held that "Section 727.203(b)(2) is concerned with the question of whether miners are totally disabled for whatever reason. There is no inquiry into causation in a proper Sec. 727.203(b)(2) rebuttal." Sykes v. Director, Office of Workers' Compensation Programs, 812 F.2d 890, 893-94 (4th Cir.1987) (emphasis in original). The Sixth Circuit has also held that causation is addressed in Section 727.203(b)(3) and not in Section 727.203(b)(2). See Wright v. Island Creek Coal Company, 824 F.2d 505, 508 (6th Cir.1987).
 
 
 23
 I note further that had the ALJ made a proper inquiry under Section 727.203(b)(3) he would have found no evidence that Mr. Martin's disability did not arise in whole or in part out of his coal mine employment. Dr. Gascorgne reported that his patient's disability was probably related to his coal mine employment. ABC's examining physician, Dr. Gaines Jones, also stated that petitioner "did have some impairment due to coal worker's pneumoconiosis." Martin Br. at 8. Lastly, Dr. Hayse Boyd performed a Black Lung examination upon Mr. Martin and found that his coal mine employment "would be significantly related" to his shortness of breath with minimal exertion, wheezes, and coughing with purulent sputum production. Martin Br. at 6.
 
 
 24
 The Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. is "intended to be remedial in nature, and doubts should be resolved in favor of the disabled miner or his survivors." Stomps v. Director, Office of Workers' Compensation Programs, 816 F.2d 1533, 1534 (11th Cir.1987) (per curiam). An employer will win, on invocation or rebuttal only when its evidence is stronger than the claimant's." Mullins Coal Co., Inc. v. Director, Office of Workers' Compensation Programs, 484 U.S. 135, 108 S.Ct. 427, 432 n. 12, 98 L.Ed.2d 450 (1987). In my view, respondent ABC has plainly failed to meet its heavy burden of persuasion under Section 727.203(b). Cf. York v. Benefits Review Board, 819 F.2d 134, 138 (6th Cir.1987) (Director or employer cannot merely rely upon showing that miner was not totally disabled by the respiratory impairment alone to rebut miner's presumed entitlement to benefits under Sec. 727.203(a)). Furthermore, the ALJ's cursory conclusion that Mr. Martin does not have pneumoconiosis is simply not supported by substantial evidence. Accordingly, I would find that having already met the threshold requirements for a presumption of total disability under Section 727.203(a), Mr. Martin is entitled to receive disability benefits for his progressive and irreversible disease.
 
 
 
 *
 Honorable James C. Paine, U.S. District Judge for the Southern District of Florida, sitting by designation
 
 
 [1]
 20 C.F.R. Sec. 727.203(a) provides:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (1) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see Sec. 410.428 of this title);
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412(a)(2) of this title) as demonstrated by values which are equal to or less than the values specified in the following table. ...
 (3) Blood gas studies which demonstrate the presence of an impairment in the transfer of oxygen from the lung alveoli to the blood as indicated by values which are equal to or less than the values specified in the following table. ...
 (4) Other medical evidence, including the documented opinion of a physician exercising reasoned medical judgment, establishes the presence of a totally disabling respiratory or pulmonary impairment.
 
 
 [2]
 20 C.F.R. Sec. 727.203(b) provides:
 (b) Rebuttal of interim presumption. In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [3]
 Subsection (b)(3) states that the presumption is rebutted if "[t]he evidence establishes that the total disability [ ] of the miner did not arise in whole or in part out of coal mine employment."